1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALVARO AVILES                          No. 1:18-cv-01544-DAD-SKO

12            Plaintiff,

13       v.                                 ORDER GRANTING IN PART PLAINTIFF'S
                                            MOTION FOR ATTORNEYS' FEES, COSTS,
14   SUBARU OF AMERICA, INC., a New         AND EXPENSES AND AWARDING
     Jersey Corporation                     PLAINTIFF EXPENSES
15
              Defendants.                   (Doc. Nos. 35, 45)
16

17

18          This matter came before the court on December 17, 2019 for hearing on plaintiff Alvaro

19   Aviles's motion for the award of attorneys' fees, costs, and expenses.  Attorney Deepak Debavose

20   appeared telephonically on behalf of plaintiff, and attorneys Jacqueline B. Chinery and Danielle

21   N. Duarte appeared telephonically on behalf of defendant Subaru of America, Inc. ("Subaru").

22   The court has also reviewed the papers filed in connection with plaintiff's pending motion to re-

23   tax costs and deemed that matter suitable for decision on the papers pursuant to Local Rule

24   230(g).  For the reasons set forth below, the court grants in part plaintiff's motion for the award of

25   attorneys' fees, costs, and expenses.  The court will also construe plaintiff's motion to re-tax costs

26   as a motion for the award of expenses and grant the motion in part.

27   /////

28   /////

                                                   1

## BACKGROUND

On June 14, 2018, plaintiff commenced this action against defendant by filing suit in Fresno County Superior Court. (Doc. No. 1-2 ("Compl.") at 7.) In his complaint, plaintiff alleged that a new 2016 Subaru WRX that he purchased in 2015 was delivered to him with serious defects and nonconformities to warranty. (*Id.* at ¶ 9.) The complaint asserted causes of action for: 1) breach of an express warranty in violation of the Song-Beverly Act ("SBA"), California Civil Code § 1790 *et seq.*; 2) breach of an implied warranty in violation of the SBA; and 3) a violation of the "service and repair" provision of the SBA, California Civil Code § 1793.2. (*Id.* at ¶¶ 16–56.)

Defendant then removed the action to this federal court on November 8, 2018. (Doc. No. 1.) On July 10, 2019, the parties informed the court that they had reached a settlement. (Doc. No. 28.) Their notice of settlement stated that "[o]nce all terms of the settlement are completed and payment is received by the Plaintiff, and after payment of Plaintiff's attorney fees, cost and expenses to be determined by agreement of the parties or by noticed motion, the parties shall file an executed Stipulation of Dismissal of the entire action with prejudice." (*Id.*)

Apparently unable to agree with defendant on the amount of attorneys' fees, expenses, and costs to be paid, plaintiff filed the pending motion on November 15, 2019. (Doc. Nos. 34, 35.) Defendant filed an opposition to the motion on December 4, 2019. (Doc. Nos. 36, 37.) Plaintiff filed his reply on December 10, 2019. (Doc. No. 40.) After the Clerk of the Court reviewed the Bill of Costs submitted by plaintiff and taxed costs on January 7, 2020, plaintiff filed a motion seeking to re-tax costs on January 15, 2010. (Doc. Nos. 34, 44, 45.) Defendant filed an opposition to the motion to re-tax costs on February 5, 2020. (Doc. No. 48.) Plaintiff filed his reply on February 11, 2020. (Doc. No. 49.)

## LEGAL STANDARD

Under California's SBA, "if [a] buyer prevails in an action . . . , the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and

prosecution of such action." Cal. Civ. Code. § 1794(d). "The plain wording of the statute requires the trial court to base the fee award upon actual time expended on the case, as long as such fees are *reasonably* incurred—both from the standpoint of time spent and the amount charged." *Robertson v. Fleetwood Travel Trailers of CA, Inc.*, 144 Cal. App. 4th 785, 817 (2006).

> It requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable. These circumstances may include, but are not limited to, factors such as the complexity of the case and procedural demands, the skill exhibited and the results achieved. If the time expended or the monetary charge being made for the time expended are not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount. A prevailing buyer has the burden of showing that the fees incurred were allowable, were reasonably necessary to the conduct of the litigation, and were reasonable in amount.

*Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (1994) (citation and internal quotation marks omitted); *see also Goglin v. BMW of North America, LLC*, 4 Cal. App. 5th 462, 470 (2016). Under a contingent fee arrangement, "a prevailing buyer represented by counsel is entitled to an award of reasonable attorney fees for time reasonably expended by his or her attorney." *Nightingale,* 31 Cal. App. 4th at 105 n.6.

"The determination of what constitutes a reasonable fee generally begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 154 (2006) (quoting *PLCM Group, Inc. v. Drexler*, 22 Cal.4th 1084, 1095 (2000)). The court will apply the lodestar method to the Song-Beverly Act because "the statutory language of section 1794, subdivision (d), is reasonably compatible with a lodestar adjustment method of calculating attorney fees, including use of fee multipliers." *Robertson*, 144 Cal. App. 4th at 818; *see also Warren v. Kia Motors America, Inc.*, 30 Cal. App. 5th 24, 35 (2018). Moreover, because "[the California] Supreme Court has held that the lodestar adjustment method is the prevailing rule for statutory attorney fee awards to be applied in the absence of clear legislative intent to the contrary, [the lodestar

adjustment method] . . . is applicable to attorney fee awards under section 1794, subdivision (d)."

*Robertson*, 144 Cal. App. 4th at 818–19 (citing *Ketchum v. Moses*, 24 Cal. 4th 1122, 1135–36

(2001); *see also Warren*, 30 Cal. App. at 35–36.).

> [T]he lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. The purpose of such adjustment is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services.
>
> * * *
>
> As we [have] explained . . .: " '[a] contingent fee contract, since it involves a gamble on the result, may properly provide for a larger compensation than would otherwise be reasonable.' "

*Ketchum*, 24 Cal. 4th at 1132 (internal citation omitted).

If a fee request is opposed, "[g]eneral arguments that fees claimed are excessive,

duplicative, or unrelated do not suffice." *Etcheson v. FCA US LLC*, 30 Cal. App. 5th 831, 848

(2018) (quoting *Premier Med. Mgmt. Sys. v. Cal. Ins. Guarantee Assoc.*, 163 Cal. App. 4th 550,

564 (2008)). Instead, the opposing party must demonstrate that the hours claimed are duplicative

or excessive. *Premier Med. Mgmt. Sys.*, 163 Cal. App. 4th at 562, 564; *see also First American*

*Title Ins. Co v. Spanish Inn, Inc.*, 239 Cal. App. 4th 598, 606 (2015) ("Although defendants

*argued* to the trial court that the 'amount claimed for attorneys' fees is not reasonable,'

defendants did not respond to First American's evidence with evidence of their own, as

required."); *Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009) ("The party

opposing the fee award can be expected to identify the particular charges it considers

objectionable.").

/////

/////

/////

4

**LEGAL ANALYSIS**

Plaintiff, as the auto buyer who prevailed in this suit, is entitled to reasonably incurred attorneys' fees, costs, and expenses.[1] *See* Cal. Civ. Code § 1794(d). Here, plaintiff seeks: 1) an award of attorneys' fees in the amount of $28,058.21; 2) a 50% lodestar multiplier, in the amount of $14,029.11; and 3) an award of actual costs and expenses incurred in the amount of $3,133.16. (Doc. No. 35-1 at 7–8.) Plaintiff thus seeks a total award of $45,220.48 in attorneys' fees and costs. (*Id.*) Defendant contends that the lodestar requested by plaintiff is unreasonable and that an upward multiplier cannot be justified in this case. (Doc. No. 37 at 2–3.) Defendant also objects to various costs and expenses for which plaintiff seeks reimbursement. (*See* Doc. Nos. 36, 37.)

**A.      Attorneys' Fees Request**

Plaintiff is represented in this case by the Knight Law Group ("Knight Law"), which estimates that attorneys' fees amount to $28,058.32. (Doc. No. 35-1 at 13.) This includes $23,455.00 billed directly by Knight Law and $4,603.21 billed by Rosner, Barry & Babbitt, LLP ("RBB Law"), the latter "to handle issues related to and formally opposing defendant's petition to compel arbitration." (Doc. Nos. 35-2 at 2; 35-3 at 1.)

1.      <u>Number of Hours to be Awarded</u>

The billing records submitted in support of plaintiff's motion indicate that Knight Law attorneys expended 72.9 billable hours and that RBB Law attorneys expended 18.9 billable hours on this action. (Doc. Nos. 35-2 at 7–24; 35-3 at 6–12.) A total of eight Knight Law attorneys, two RBB Law attorneys, and one RBB Law staff member billed hours to this case. (*Id.*)

Defendant contends that the number of hours billed by both law firms was unreasonable and unnecessary. First, defendant argues that it made multiple offers to repurchase or replace

---

[1]  The SBA does not explicitly define what constitutes a "prevailing party," but courts have attempted to clarify this issue. *See, e.g.*, *Wohlgemuth v. Caterpillar Inc.*, 207 Cal. App. 4th 1252, 1264 (2012) (holding that a "prevailing party" is the "the party with a net monetary recovery") (citation omitted); *Gezalyan v. BMW of N. Am., LLC*, 697 F. Supp. 2d 1168, 1170 (C.D. Cal. 2010) (defining a "prevailing party" as the party that "achieved its 'main litigation objective'") (citation omitted). Regardless, the parties here agreed to designate plaintiff as the prevailing party as part of the settlement. (Doc. 35-2, Ex. D at 2:17.)

plaintiff's vehicle, both before and after this action was filed and that any attorneys' fees billed after those settlement offers were made were incurred unreasonably. (Doc. No. 37 at 4–5.) Second, defendant contends that plaintiff's counsel has engaged in unjustified and excessive billing. (*Id.* at 6–8.) Finally, defendant asks the court to award attorneys' fees only on a reasonable hourly basis and decline to apply a multiplier. (*Id.* at 9.)

a.　*Attorneys' Fees Accrued After Subaru's Initial Settlement Offers*

With respect to whether attorney hours billed after defendant offered to settle this case in November 2017, July 2018, and November 2018 are unreasonable, the court notes that defendant cites no authority to supports its position that plaintiff's decision to decline those offers renders further litigation unreasonable. That plaintiff eventually reached a settlement of $74,000.00— substantially more than either the purchase price of the vehicle in question ($36,622.72) or defendant's last settlement proposal ($34,000.00)—appears to validate his decision to continue to litigate this matter. (*See* Doc. No. 35-1 at 6, 11.) Plaintiff also notes that defendant's previous settlement offers contained "denial-of-liability" language that he regarded as unacceptable, and that the agreed-upon settlement not only removed the language he found to be objectionable but also included a full statutory buyback of plaintiff's defective vehicle with incidental and consequential damages and a civil penalty. (*Id.* at 12.) By declining defendant's initial offers, plaintiff was eventually able to obtain a more favorable resolution of his claim. The court therefore concludes that the attorney hours expended and attorney's fees accrued after defendant's initial settlement offers were made are not unreasonable.

b.　*Plaintiff's Counsel's Allegedly Excessive and Unjustified Billing*

Defendant identifies three instances of what it believes to be excessive and unjustified billing by plaintiff's counsel: 1) 1.9 hours of duplicative and unnecessary internal communications by Knight Law; 2) 5.3 hours of travel time by Knight Law; and 3) 10.1 hours of work by RBB Law opposing defendant's motion to compel arbitration after the issue had allegedly already been rendered moot. (Doc. No. 37 at 6–8.) For the reasons explained below, the court rejects all three arguments.

/////

According to defendant, the 1.9 hours billed by Knight Law for conferencing and emailing with other attorneys and reviewing the results of various hearings should be discounted as unnecessary and duplicative internal communications. (Doc. No. 37 at 6–7.) Plaintiff persuasively argues that these kinds of discussions implicate litigation strategies and are necessary for the success of the case. (Doc. No. 40 at 9.) Meetings between attorneys are a routine and necessary part of providing legal representation to the client. Moreover, the two cases cited by defendant in support of their objection to this 1.9 hours in attorney time stand only for the proposition that *duplicative* billing for meetings among attorneys is discouraged. *See Robinson v. Plourde*, 717 F. Supp. 2d 1092, 1099 (D. Haw. 2010) ("The general rule is that two professionals cannot bill for attending the same meeting."); *In re Mullins*, 84 F.3d 459, 467 (D.C. Cir. 1996) (deducting fees incurred by the two lowest-billing attorneys where three attorneys billed time spent attending a meeting together). A review of the billing records submitted by plaintiff's counsel in this case does not indicate that there was duplicative billing for the meetings and communications objected to by defendant.

Next, defendant contends that the time billed by plaintiff's counsel for travel to Fresno from Los Angeles to attend a mandatory court–supervised settlement conference should be reduced by half as a matter of course. Defendant provides no rationale for this request. Such an arbitrary reduction has not been the practice in the Eastern District of California:

> Courts have sometimes reduced hours billed by attorneys for time spent traveling, but in the Eastern District, courts have generally compensated attorneys at their full hourly rate for traveling time. *See, e.g.*, *Jones v. Cty. of Sacramento*, No. CIV S–09–1025 DAD, 2011 WL 3584332, at *15 (E.D. Cal. Aug. 12, 2011) (awarding three hours of travel time from Sacramento to San Jose and back to conduct deposition at full rate); *Jones v. McGill*, No. 1:08–cv–00396–LJO–DLB, 2009 WL 1862457, at *3 (E.D. Cal. June 29, 2009) (awarding fifteen hours of travel time for meetings with experts and witnesses at full rate); *Davis v. Sundance Apartments*, No. CIV. S–07–1922 FCD GGH, 2008 WL 3166479, at *5 (E.D. Cal. Aug. 5, 2008) (awarding six hours of travel time at full rate).

*Miller v. Schmitz*, No. 1:12-cv-00137-LJO-SAB, 2017 WL 633892, at *15 (E.D. Cal. Feb. 15, 2017). The approximately 10 hours billed for round-trip travel by car from Los Angeles to Fresno by plaintiff's counsel is both consistent with this court's past practice and reasonable.

Defendant also argues that RBB Law billed 10.1 hours in 2019 to prepare an opposition to a motion to compel arbitration that had become moot in 2018. (Doc. No. 37 at 8.) However, as plaintiff points out, defendant appears to have misread the date on the billing records—RBB Law billed the 10.1 hours in attorney time referenced by defendant in 2018, not 2019. (Doc. Nos. 35-3 at 10–12; 40 at 9.)

The court has reviewed the Knight Law billing records and concludes that, for the most part, the time billed was reasonably incurred in the commencement and prosecution of this action. However, the court will decline to award attorney Matthew E. Hartman the 14.0 hours he anticipatorily billed to review and analyze defendant's opposition to the pending motion for attorneys' fees and costs, draft a reply to that opposition, and prepare for and appear at the hearing on the pending motion. (Doc. No. 35-2 at 24.) The court notes that plaintiff's counsel appeared at the hearing telephonically, which eliminates any travel time. Moreover, plaintiff has not provided any evidence to account for the 14.0 hours billed by attorney Hartman following the drafting of the motion. Since the applicant bears the initial burden of presenting some evidence in support of the motion for attorney's fees, the court declines to award the 14.0 hours anticipatorily claimed by attorney Hartman and will instead award him 1.5 hours, which represents the actual time spent after the motion itself was filed and noticed for hearing.[2]

Accordingly, the court finds the following hours appropriately attributable to the efforts of Knight Law attorneys:

| Knight Law Attorney/Staff | Hours Requested | Hours Awarded |
|---|---|---|
| Attorney Amy Morse | 3.0 | 3.0 |
| Attorney Daniel Kalinowski | 7.2 | 7.2 |
| Attorney George Semaan | 16.7 | 16.7 |
| Attorney Kristina Stephenson-Cheang | 13.4 | 13.4 |
| Attorney Maite Colón | 5.3 | 5.3 |
| Attorney Mitchell Rosensweig | 4.4 | 4.4 |
| Attorney Matthew E. Hartman | 18.3 | 5.8 |
| Attorney Steve Mikhov | 4.6 | 4.6 |
| Total Hours | 72.9 | 60.4 |

---

[2]  Plaintiff's counsel confirmed at the hearing on the pending motion that approximately 1.5 hours were spent working on the matters in question.

The court has also reviewed the RBB Law billing records at issue here and concludes that the time billed was reasonably incurred in the commencement and prosecution of this action. Accordingly, the court finds the following hours appropriately attributable to the efforts of RBB Law attorneys:

| RBB Law Attorney/Staff | Hours Requested | Hours Awarded |
|---|---|---|
| Attorney Hallen D. Rosner | 0.9 | 0.9 |
| Attorney Michelle A. Cook | 17.7 | 17.7 |
| Legal Assistant Lilia F. Guizar | 0.3 | 0.3 |
| Total Hours | 18.9 | 18.9 |

2.     Hourly Rates to be Applied

Next, the court must determine whether the hourly rates requested by plaintiff's attorneys are reasonable.

Under California law, when awarding attorney's fees under § 1794(d), the relevant inquiry is whether "the monetary charge being made for the time expended [is] reasonable" under all the circumstances including "factors such as the complexity of the case and procedural demands, the skill exhibited and the results achieved." *Goglin v. BMW of North America, LLC,* 4 Cal. App. 5th 462, 470 (2016) (quoting *Nightingale,* 31 Cal. App. 4th at 104). California courts therefore focus on the reasonable hourly rate for the work performed by the counsel performing that work, regardless of the forum in which that work was performed and without regard to typical hourly rates in the forum in which the matter was litigated.[3] *See Goglin*, 4 Cal. App. 5th at 470

---

[3] The court is aware that, in awarding attorneys' fees under the Song-Beverly Act, other district courts have required "[t]he fee applicant . . . [to] produc[e] satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Base v. FCA US LLC*, No. 17-cv-01532-JCS, 2019 WL 4674368, at *4 (N.D. Cal. Sept. 25, 2019) (citing *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987)); *see also Self v. FCA US LLC*, No. 1:17-cv-01107-SKO, 2019 WL 1994459, at *4–5 (E.D. Cal. May 6, 2019); *Hall v. FCA US LLC*, No. 1:16-cv-0684-JLT, 2018 WL 2298431, at *5–6 (E.D. Cal. May 21, 2018). Citing to Ninth Circuit and Supreme Court precedent, these courts have stated that the "relevant community" in determining a prevailing market rate is the forum in which the district court sits and then analyzed whether the rates requested by counsel are reasonable in light of rates paid to attorneys of similar skill and experience in the forum district. *See, e.g.*, *Self*, 2019 WL 1994459, at *4–6. This, however, is the

9

(affirming a fee award applying a hourly rate of $575 per hour in a SBA case on the grounds that the trial court had considered the evidence that the client agreed to compensate counsel at the rate of $575 an hour (later increased to $625), other state and federal courts had awarded the attorney comparable rates in similar cases, and the trial court had observed the attorney's skills first hand, while not even mentioning the prevailing rates in the trial court's area); *see also Filiberto Negrete v. Ford Motor Co. et al.*, No. ED CV 18-1972-DOC (KKx), 2019 WL 4221397, at *3 (C.D. Cal. June 5, 2019) ("Plaintiff has demonstrated that counsel has been awarded attorneys' fees at similar rates under the Song-Beverly Act. . .. Such evidence is generally sufficient to show that an attorney's hourly rates are reasonable."). The fee applicant bears the burden of producing satisfactory evidence that the fees incurred were "reasonable in amount." *Goglin*, 4 Cal. App. 5th at 470 (quoting *Nightingale*, 31 Cal. App. 4th at 104); *see also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

/////

/////

/////

/////

framework that federal courts apply to motions seeking attorneys' fees pursuant to a federal statute. The court is aware of no authority holding that a federal court must apply that same framework when awarding attorneys' fees pursuant to the Song-Beverly Act, a California statute. Indeed, the California Court of Appeal in *Goglin* did not engage in that forum-based rate analysis and, as evidenced by the many state court fee orders that the parties have pointed this court to, state courts generally do not engage in that analysis. The undersigned, therefore, considers the pending motion under the standard articulated by the California Court of Appeal in *Goglin* and will determine "whether the monetary charge being made for the time expended [is] reasonable" in light of "the complexity of the case and procedural demands, the skill exhibited and the results achieved." 4 Cal. App. 5th at 470 (internal quotation marks and citation omitted). This approach will appropriately result in plaintiff's counsel being compensated at the same hourly rates they would have received in state court rather than some lower rate based solely on the removal of the action to federal court. Finally, even if the rate determination framework utilized in motions seeking attorneys' fees pursuant to federal statutes were to apply in this case, the court notes that the hourly rates found to be reasonable by this order would be the same under that framework. For, under the "relevant community"/"forum district" analysis, this court would look to the orders of state courts within the Eastern District of California and conclude that those same rates are consistent with those prevailing in the community for similar services. *See Tenorio v. Gallardo*, No. 1:16-cv-00283-DAD-JLT, 2019 WL 3842892, at *2 n.1 (E.D. Cal. Aug. 15, 2019).

Knight Law requests the following hourly rates for its attorneys who worked on this case:

| Knight Law Attorney | Requested Hourly Rate | Years of Experience |
|---|---|---|
| Attorney Amy Morse | $350.00 | 6 years |
| Attorney Kristina Stephenson-Cheang | $375.00 | 11 years |
| Attorney Mitchell Rosensweig | $325.00 | 7 years |
| Attorney Maite Colón | $275.00 | 8 years |
| Attorney Daniel Kalinowski | $250.00 | 4 years |
| Attorney George Semaan | $225.00 | 3 year |
| Attorney Matthew E. Hartman | $350.00 | 20 years |
| Attorney Steve Mikhov | $550.00 | 16 years |

(Doc. No. 35-2 at 8–10.)  RBB Law requests the following hourly rates for its attorneys who worked on this matter:

| RBB Law Attorney | Requested Hourly Rate | Years of Experience |
|---|---|---|
| Attorney Hallen D. Rosner | $640.00, $660.00 | 36 years |
| Attorney Michelle A. Cook | $220.00, $250.00 | 2 years |
| Legal Assistant Lilia F. Guizar | $150.00 | 3 years |

(Doc. No. 35-3 at 7–8.)

In support of the rates requested by his attorneys, plaintiff has submitted the declarations of attorneys Mikhov and Rosner and rate determinations in other cases for some of the same attorneys who billed hours in this case.  (*See* Doc. Nos. 35-2, 35-3.)  These declarations both set out the rates that these attorneys and other lawyers from their respective firms charged in this case and aver that those requested rates are reasonable.  (*Id.*)  Included in attorney Mikhov's declaration are several hourly rate determinations by state courts in SBA actions with respect to some of the same attorneys who worked on this case.  (*See* Doc. No. 35-2 at 10–16.)  Attorney Mikhov's declaration and the cited cases demonstrate that various superior courts in California have awarded the following rates in SBA actions to the following attorneys:  attorney Mikhov has been awarded hourly rates of up to $550.00; attorney Rosner, up to $640.00; attorney Morse, between $350.00 to $375.00; and attorney Stephenson-Cheang, between $325.00 and $375.00.  (*Id.*)

Because "the reasonable value of attorney services is variously defined as the hourly amount to which attorneys of like skill in the area would typically be entitled," *Ketchum*, 24 Cal. 4th at 1133, the court finds that evidence of what some of the attorneys have previously been awarded when litigating other SBA actions assists this court in determining what the reasonable hourly rates should be in this case. *See also Goglin*, 4 Cal. App. 5th at 470; *Filiberto Negrete*, 2019 WL 4221397, at *3. Having considered the state court orders submitted by plaintiff as well as the other evidence presented, the court concludes that the following rates are reasonable:

| Knight Law Attorney | Requested Hourly Rate | Hourly Rate Awarded | Years of Experience |
|---|---|---|---|
| Attorney Amy Morse | $350.00 | $350.00 | 6 years |
| Attorney Kristina Stephenson-Cheang | $375.00 | $350.00 | 11 years |
| Attorney Mitchell Rosensweig | $325.00 | $325.00 | 7 years |
| Attorney Maite Colón | $275.00 | $275.00 | 8 years |
| Attorney Daniel Kalinowski | $250.00 | $250.00 | 4 years |
| Attorney George Semaan | $225.00 | $225.00 | 3 year |
| Attorney Matthew E. Hartman | $350.00 | $350.00 | 20 years |
| Attorney Steve Mikhov | $550.00 | $500.00 | 16 years |

| RBB Law Attorney | Requested Hourly Rate | Hourly Rate Awarded | Years of Experience |
|---|---|---|---|
| Attorney Hallen D. Rosner | $640.00 (2018), $660.00 (2019) | $640.00 (2018) $660.00 (2019) | 36 years |
| Attorney Michelle A. Cook | $220.00 (2018), $250.00 (2019) | $220.00 (2018), $250.00 (2019) | 2 years |
| Legal Assistant Lilia F. Guizar | $150.00 | $150.00 | 3 years |

1. <u>Lodestar Calculation</u>

Based on the hours and hourly rates that the court has awarded plaintiff's attorneys, the lodestar here totals $23,683.21. The court's calculations in reaching this amount are reflected below:

/////

/////

/////

/////

/////

12

| Law Firm | Legal Professional | Hours Awarded | Hourly Rate Awarded | Lodestar |
|---|---|---|---|---|
| **Knight Law** | Attorney Amy Morse | 3 | $350.00 | $1050.00 |
| | Attorney Kristina Stephenson-Cheang | 13.4 | $350.00 | $4690.00 |
| | Attorney Mitchell Rosensweig | 4.4 | $325.00 | $1430.00 |
| | Attorney Maite Colón | 5.3 | $275.00 | $1457.50 |
| | Attorney Daniel Kalinowski | 7.2 | $250.00 | $1800.00 |
| | Attorney George Semaan | 16.7 | $225.00 | $3757.50 |
| | Attorney Matthew E. Hartman | 5.8 | $350.00 | $2030.00 |
| | Attorney Steve Mikhov | 4.6 | $500.00 | $2300.00 |
| | | | | |
| **RBB Law** | Attorney Hallen D. Rosner | 0.9 | $640.00 (2018) $660.00 (2019) | $582.00 |
| | Attorney Michelle A. Cook | 17.7 | $220.00 (2018), $250.00 (2019) | $3,897.00 |
| | Legal Assistant Lilia F. Guizar | 0.3 | $150.00 | $45.00 |
| | | | **Total:** | $23,039.00 |

2. <u>Lodestar Multiplier</u>

Next, plaintiff urges this court to add a 50% lodestar multiplier. (Doc. No. 35-1 at 20.) Plaintiff argues that the risk and contingent nature of this litigation warrants a 20% upward multiplier and that the delay in payment warrants a 30% upward multiplier. (*Id.* at 22.) According to plaintiff, "there always existed the possibility that Plaintiff would not prevail" and that "Plaintiff's attorneys advanced all litigation costs and expenses without reimbursement." (*Id.*) Defendant argues that an upward multiplier is not warranted here because "this case did not present novel or difficult questions of law or fact" and the "facts were not significant disputed and little discovery was required." (Doc. No. 37 at 10.) For the following reasons, the court declines to apply a lodestar multiplier.

As discussed above, the lodestar may be "augmented or diminished by taking various relevant factors into account, including (1) the novelty and difficulty of the questions involved and the skill displayed in presenting them; (2) the extent to which the nature of the litigation precluded other employment by the attorneys; and (3) the contingent nature of the fee award, based on the uncertainty of prevailing on the merits and of establishing eligibility for the award." *Robertson*, 144 Cal. App. 4th at 819; *see also Warren v. Kia Motors America, Inc*., 30 Cal. App.

13

5th 24, 35 (2018).

Plaintiff does not contend that his attorneys were precluded from seeking other employment; accordingly, the court will consider only the novelty and difficulty of the questions involved in this action and the skill of the attorneys in resolving them, as well as the contingent nature of the fee award.

According to plaintiff, "[t]his case required a range of specialized knowledge including: (1) an understanding of the full scope of consumer protection laws . . . ; (2) knowledge of the intricacies of automobiles . . . ; and (3) knowledge of auto manufactures' and dealers' policies and protocols for repairing vehicles and complying with their legal obligations." (Doc. No. 35-1 at 16.) In addition, plaintiff touts that the "excellent result [in this case] was achieved due to Plaintiff's attorneys' skill and expertise in lemon law cases . . . and [their] zealous representation." (*Id.* at 6.) He further adds:

> Counsels' skill is evidenced by the size of the settlement as well as the nominal time expended on litigation tasks, which results in lower overall billing. Plaintiff's attorneys do not spend inordinate time researching because they specialize in this area of law. Nor do they spend unreasonable time preparing pleadings because they are able to use documents from other cases that need only be edited, rather than written from scratch. While substantial fees have been incurred, those fees led to the execution of effective strategies that result in superlative results for Knight Law clients, like Plaintiff here.

(*Id.* at 18.)

Nonetheless, the undersigned finds the questions involved in this SBA to have been of ordinary complexity and neither novel nor difficult. Indeed, the issues presented by this case have recently been addressed in several other cases brought before this court, many of which involved the same attorneys who appeared in this action. *See, e.g.*, *Self*, 2019 WL 1994459; *Hall*, 2018 WL 2298431; *Garcia v. FCA US LLC*, 1:16-cv-00730-JLT (E.D. Cal. March 7, 2018); *Sekula v. FCA US LLC*, No. 1:17-cv-00460-DAD-JLT, 2019 WL 5290903 (E.D. Cal. Oct. 18, 2019).

Moreover, although plaintiff's attorneys certainly served their client quite competently in this case, the court cannot find that they demonstrated exceptional skill in doing so. The court has

14

reviewed the pleadings filed in this action and finds that the skills displayed by counsel were of the quality to be expected in a relatively cut-and-dry case that did not feature any depositions or substantive motions practice. (Doc. No. 37 at 2; *see* Doc. No. 35-1 at 10.)

As noted, plaintiff also contends that the contingent nature of this case justifies an upward multiplier. "The purpose of a fee enhancement, or so-called multiplier, for contingent risk is to bring the financial incentives for attorneys enforcing important constitutional rights . . . into line with incentives they have to undertake claims for which they are paid on a fee-for-services basis." *Ketchum*, 24 Cal. 4th at 1132.

> A contingent fee must be higher than a fee for the same legal services paid as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders but for the loan of those services. The implicit interest rate on such a loan is higher because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans.

*Id.* (citation and internal quotation marks omitted). However, plaintiff's counsel acknowledged at the hearing on the pending motion that Knight Law would be receiving a percentage of the $74,000.00 settlement payment obtained on plaintiff's behalf in this action. Because that contingency payout already represents a premium for the risk incurred by counsel in undertaking this representation, in addition to the attorney's fees that plaintiff's counsel is entitled to receive pursuant to the SBA, the court need not apply an upward multiplier on the basis of contingent risk.

Similarly, the court finds that an upward multiplier due to any delay in payment of fees to plaintiff's counsel is unwarranted here. Plaintiff contends that "SUBARU dragged this case out for more than one (1) year before agreeing to a settlement offer . . . [and that] Plaintiff's attorneys are not paid at all if they lose and need to absorb significant delay in being paid if Plaintiff does win." (Doc. No. 35-1 at 22.) Be that as it may, the court is not convinced that: 1) defendant is solely to blame for any delay in resolving this action; and 2), even if it was, it does not appear to the court that any period of delay was so egregious so as to justify an upward multiplier.

Accordingly, the court declines to apply a lodestar multiplier under the circumstances of this case.

**B.    Plaintiff's Request for Costs and Expenses**

Finally, plaintiff seeks an award for costs and expenses incurred by his counsel in litigating this matter.  He first sought them in a Bill of Costs, justification for which was provided in the pending motion for attorneys' fees.  (Doc. Nos. 34; 35-1 at 22–23.)  The Clerk of the Court approved $515.00 in costs, rejecting the other $2,618.16 claimed, the bulk of which consisted of expert witness fees.  (Doc. No. 44.)  Plaintiff then filed a motion to re-tax costs pursuant to Local Rule 292(e) on January 15, 2020.  (Doc. No. 45.)

Federal Rule of Civil Procedure 54(d) provides that "costs—other than attorney's fees—should be allowed to the prevailing party."  Title 28 U.S.C § 1920 enumerates those costs that may be taxed by the Clerk of the Court; fees for expert witnesses not appointed by the court are not included as a *taxable cost*.  *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437 (1987) (holding that "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920").  In contrast, any "claim for attorney's fees and *related nontaxable expenses* must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."  Fed. R. Civ. P. 54(d)(2)(A) (emphasis added).

California law, however, permits plaintiffs who prevail in SBA cases to recover costs and expenses, including expert witness fees.  *See* Cal. Civ. Code § 1794(d); *Jensen v. BMW of N. Am., Inc.*, 35 Cal. App. 4th 112, 138 (1995), *as modified on denial of reh'g* (June 22, 1995) (noting with regards to § 1794, "the addition of awards of 'costs and expenses' by the court to the consumer to cover such out-of-pocket expenses as filing fees, *expert witness fees*, marshal[]'s fees, etc., should open the litigation process to everyone") (emphasis added).  Applying § 1794(d) here, the court determines that expert witness fees are recoverable  *Clausen v. M/V NEW CARISSA*, 339 F.3d 1049, 1064–66 (9th Cir. 2003), *as amended on denial of reh'g* (Sept. 25, 2003) (applying Oregon statute approving expert witness fees because the law was "an 'express indication' of a state legislature's 'special interest in providing litigants' with full compensation for reasonable sums" in pursuit of a statutory claim).  However, § 1794(d) only answers the question of *whether* plaintiff may recoup expert witness fees—it does not answer the question of

16

*how* plaintiff must seek reimbursement.[4]

Because the recovery of "costs in federal district court is normally governed by Federal Rule of Civil Procedure 54(d) even in diversity cases", *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003), the appropriate vehicle for plaintiff to recoup expert witness fees and other expenses is by motion brought pursuant to Rule 54(d)(2)(A), not by taxation through a Bill of Costs. The language of § 1794(d) is consistent with this approach:

> If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, *determined by the court to have been reasonably incurred* by the buyer in connection with the commencement and prosecution of such action.

Cal. Civ. Code § 1794(d) (emphasis added). Whereas taxable costs are awarded as a matter of course, and a court must justify its refusal to award such costs, *Champion Produce*, 342 F.3d at 1022 (holding that a "district court must 'specify reasons' for its refusal to award costs" because "Federal Rule of Civil Procedure 54(d)(1) establishes that costs are to be awarded as a matter of course in the ordinary course") (citation omitted), the party claiming expert witness fees must demonstrate to the court, *by motion*, that its request is reasonable. *See* Fed. R. Civ. P. 54(d)(2)(A); Cal. Civ. Code § 1794(d). This logic is precisely why plaintiff was required to and is seeking attorneys' fees by motion and not via a Bill of Costs.

Accordingly, the court will construe plaintiff's motion to retax costs as a request for expenses pursuant to Rule 54(d). Defendant objects to plaintiff's request, arguing that plaintiff's expert witness fee costs are unreasonable and that plaintiff is "plainly attempting to enlarge a costs award" by incurring expenses even after the parties had reached a settlement. (Doc. Nos. 36

---

[4] The court recognizes that district courts in this circuit are divided as to whether expert witness fees and other costs and expenses are recoverable in federal court pursuant to § 1794(d), and, if so, whether such costs and expenses are taxable in a Bill of Costs or must be sought via motion. *Compare Base v. FCA US LLC*, No. 17-cv-01532-JCS, 2020 WL 363006, at *6–7 (N.D. Cal. Jan. 22, 2020) (listing and comparing cases), *and Zomorodian v. BMW of N. Am., LLC*, 332 F.R.D. 303, 307 (C.D. Cal. 2019), *with Self v. FCA US LLC*, No. 1:17-cv-01107-SKO, 2019 WL 1994459, at *15 (E.D. Cal. May 6, 2019), *and Hall v. FCA US LLC*, No. 1:16-cv-0684-JLT, 2018 WL 2298431, at *10 (E.D. Cal. May 21, 2018).

at 4; 48 at 4–5.)  Defendant points out that plaintiff accepted defendant's $74,000.00 settlement proposal on July 2, 2019, and the parties reached an agreement on most of the material terms of the settlement by July 3, 2019.  (Doc. No. 26; 36 at 4.)  Plaintiff's expert witness nonetheless billed three-and-a-half hours for work performed on July 7, 2019 and an additional three hours for work performed on July 8, 2019, the day the parties officially settled and put the settlement terms on the record.  (Doc. No. 27.)  Plaintiff contends that the expert witness continued to work because "it was possible that settlement negotiations could unravel if the parties could not agree to certain material terms."  (Doc. No. 49 at 5.)  This alone is not dispositive, as litigants should, in good faith, not unnecessarily incur costs and expenses  negotiations that appear likely to conclude with a settlement being reached.  However, here, it appears plaintiff was running up against the July 9, 2019 expert disclosure deadline established by the scheduling order in this case, which required disclosure of any expert witnesses and reports pursuant to Federal Rule of Civil Procedure 26.  (*See* Doc. No. 9 at 3.)  Any delay could have thus cost plaintiff his expert witness.

Accordingly, given these circumstances the court finds plaintiff's $2,362.50 in expert witness fees were reasonably incurred.[5]

The court will also award $153.75 in jury fees incurred by plaintiff before removal to this court as reasonably incurred, though it declines to award the $101.91 "associated with the complaint and summons as well as fees for attorney services and messenger court filings and service" because plaintiff's counsel has failed to explain how they arrived at that figure.  (*See* Doc. Nos. 34; 45 at 10–11.)

/////

/////

/////

**CONCLUSION**

---

[5]  Of course, the parties could have considered stipulating to a modification of the scheduling order in light of the ongoing settlement negotiations but apparently did not think to do so.  The court also notes that its resolution of this issue would have been assisted by plaintiff's counsel pointing out the impending disclosure deadline under the schedule order rather than merely arguing that the expert had to continue to perform work on the days in question because "the case might not have settled."

For the reasons set forth above:

1.  Plaintiff's motion for attorneys' fees and costs (Doc. No. 35) is granted in part;

2.  Plaintiff's motion to re-tax costs (Doc. No. 45) is construed as a motion for expenses and is granted in part;

3.  The court awards plaintiff $23,039.00 in attorneys' fees based on the lodestar analysis; and

4.  In addition, the court awards plaintiff expenses in the amount of $2,516.25.

IT IS SO ORDERED.

Dated:   **February 21, 2020**

UNITED STATES DISTRICT JUDGE